FILED
SUPERIOR COURT
OF GUAM

2023 APR 12 PM 3: 08

CLERK OF COURT

BY:_____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| IN THE MATTER OF THE DISSOLUTION AND WINDING UP OF OCEAN VIEW ESTATES, A GUAM LIMITED PARTNERSHIP<br><br>BY TERANGUE E. GILLHAM,<br><br>Petitioner. | Superior Court Case No. <u>CV0273-22</u><br><br>**DECISION AND ORDER DENYING MOTION TO DISMISS AND GRANTING MOTION TO APPOINT RECEIVER** |

In this action seeking the dissolution and winding up of a long-dormant limited partnership, Ocean View Estates, the Court here addresses (1) Harry Pegg's Motion to Dismiss Petitioner Terangue E. Gillham's Petition for Dissolution and Winding Up of Limited Partnership, and (2) Terangue Gillham's Motion to Appoint a Receiver.

## I. THE COURT DENIES THE MOTION TO DISMISS AS TERANGUE GILLHAM POSSESSES STANDING, AND THERE IS NO OBJECTION TO THE WINDING UP OF THE PARTNERSHIP.

According to the Petition for Dissolution and Winding Up and publicly filed documents, Ocean View Estates was formed in 1979. Pet. Dissolution and Winding Up of Ltd. P'ship, Ex. A (May 6, 2022). It had one general partner, Michael Flaherty. *Id.* Dean Gillham, one of the original limited partners, transferred his partnership interest to Terangue Gillham, his son. Decl. Terangue E. Gillham ¶ 8 (May 10, 2022). Moreover, Gillham alleges that Ocean View Estates dissolved at the end of the 20-year term stated in the 1979 Certificate of Limited Partnership and upon the death of Flaherty. *Id.* ¶¶ 5, 7; Pet. Dissolution ¶ 8–10, Ex. A ¶ 5. As a result, Gillham petitions the Court to wind up the business in order to terminate the partnership.

ORIGINAL

Pegg, who claims to be an interested party, argues that this matter is subject to dismissal under Guam Rule of Civil Procedure 12(b)(6), which permits dismissal when a plaintiff fails to state a claim for relief. However, Pegg also discusses issues related to Gillham's standing as Petitioner. Therefore, the Court reviews the Motion to Dismiss under both Guam Rules of Civil Procedure 12(b)(6) and 12(b)(1).

Pegg makes arguments regarding various concerns, such as a perceived lack of evidence for Gillham's standing as a limited partner, insufficient notarization of various documents, and the potential fraudulent nature of certain documents. *Id.* at 2–4. Additionally, the Motion addresses doubts regarding Flaherty's position as the general partner in relation to business entities other than Ocean View Estates and Flaherty's breach of his fiduciary duty concerning those entities. *Id.* at 4–5. However, despite the arguments made in the Motion to Dismiss, the Court notes that at the hearing on this Motion, Pegg stated that he did not oppose the Court winding up Ocean View Estates. Hr'g Mot. Dismiss (Jan. 31, 2023).

The Court finds Pegg's arguments challenging to follow and struggles to understand their relationship to the present Petition. However, the Court addresses the GRCP 12(b)(6) Motion below despite Pegg's apparent agreement to the Court's winding up of the business. The Court also analyzes the standing of Gillham under GRCP 12(b)(1) because, although Pegg did not specifically raise it, he discusses various issues about standing.

The Court first addresses whether Gillham has standing to bring this Petition. "Standing is a threshold jurisdictional matter." *Guam Imaging Consultants, Inc. v. Guam Mem'l Hosp. Auth.*, 2004 Guam 15 ¶ 17. The question of standing focuses on who may bring an action. *Benavente v. Taitano*, 2006 Guam 15 ¶ 14. The relevant inquiry is "whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Warth v.*

*Seldin*, 422 U.S. 490, 498 (1975). A Plaintiff can acquire standing through either Article III of the Constitution or a statutory grant. *Benavente*, 2006 Guam 15 ¶ 18. The Guam Code Annotated provides that limited partners "have the same rights as a general partner to...[h]ave dissolution and winding up by decree of the Court." 18 GCA § 27308(1)(c).

Dean Gillham is listed as a limited partner of Ocean View Estates, and Terangue Gillham, Dean Gillham's son, declares that he was gifted Dean Gillham's interests in Ocean View Estates. Since the Certificate of Partnership allows a partner to transfer their interests to a lineal decedent, Gillham has shown that he received his father's interests as a limited partner. Petition at Ex A ¶ 10. As a limited partner can bring a Petition to wind up a business, Gillham has established his standing to bring this Petition.

Next, "a Rule 12(b)(6) motion tests the sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "In ruling on a 12(b)(6) motion, a court's consideration is limited to the complaint, written instruments attached to the complaint as exhibits, statements or documents incorporated into the complaint by reference, and documents on which the complaint heavily relies." *Newby v. Gov't of Guam*, 2010 Guam 4 ¶ 14. The Court must "construe the pleadings in the light most favorable to the non-moving party, and resolve all doubts in the non-moving party's favor." *Taitano v. Calvo Finance Corp.*, 2008 Guam 12 ¶ 9 (quoting *First Hawaiian Bank v. Manley*, 2007 Guam 2 ¶ 9). Then, "[d]ismissal for failure to state a claim is appropriate only if it appears beyond doubt that the non-moving party can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (internal quotation and citations omitted).

Here, Petitioner has asked the Court to wind up Ocean View Estates. The Guam Code Annotated provides that a limited partnership is dissolved upon the death of the general partner.

ORIGINAL

18 GCA § 27401. However, despite a dissolution, a partnership cannot be terminated "until the winding up of the partnership affairs is completed." *Id.* § 25603. Also, a court can order the winding up of a partnership. *See id.* § 25609. Applying this information to the facts of the case in the light most favorable to Gillham, the partnership dissolved due to the death of Flaherty, the general partner. Therefore, Gillham has stated a claim for which relief can be granted by asking for the dissolved partnership to be wound up.

Based on Gillham's standing and stated claim, the Court DENIES Pegg's Motion to Dismiss.

## II.  THE COURT GRANTS THE MOTION TO APPOINT A RECEIVER TO WIND UP THE AFFAIRS OF THE PARTNERSHIP.

The Court next reviews Terangue Gillham's Motion to Appoint a Receiver. As the partnership's only asset is a piece of property, the receiver's primary responsibility in winding up the partnership will be selling this property. Pegg opposed the motion based on Terangue's standing as Petitioner in this matter, not on issues specific to the appointment of a receiver. During the hearing on this Motion, Pegg further noted that he consents to the sale of the partnership's property and to the Court taking action to wind up the partnership. Therefore, the Court will proceed with the Motion to Appoint a Receiver with the understanding that Pegg does not oppose the appointment of a receiver.

A receiver can be appointed "[i]n all [] cases where receivers have heretofore been appointed by the usages of courts of equity." 7 GCA § 20501(7). This statute was adopted from California, where courts have appointed receivers to sell real property and wind up businesses. *Id.* at cmt. source; *Gold v. Gold*, 8 Cal. Rptr. 3d 118, 131–32 (Ct. App. 2003). As Gillham has requested the appointment of a receiver to wind up the business and sell real property, the Court finds the appointment appropriate and GRANTS the Motion to Appoint a Receiver.



ORIGINAL

The Court has been provided with five proposed receivers: Tamio Clark, Craig Wade, Bianca Cloud, Bree McDowell, and Ramon Puangco. The Court determines that Ramon Puancgo is qualified and the most cost-effective person to serve as Receiver based on his proposed 6% fee, years of experience in the real estate industry, and experience selling similar properties.

The Court ORDERS movant Terangue Gillham to file a proposed order appointing Puangco as the Receiver. All interested parties may submit at their option a proposed order appointing Puangco which details the proposed scope of work. All proposed orders for the Court's consideration are due within fourteen days of this Order.

SO ORDERED this 12th day of April 2023.

**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

ORIGINAL